UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **JOSEPH BURGESS III,** | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 1:19-cv-1834 (TSC) |
| **THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS,** *et al.* | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION

Plaintiff Joseph Burgess brings this tort action against Defendants John F. Kennedy Center for the Performing Arts, and its employee, Karles Jackson. The United States contends that it should be substituted as the defendant under 28 U.S.C. § 2679(d) and moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 7.) For the reasons set forth below, the court will GRANT the United States' motion to dismiss.

### I. BACKGROUND

In summer 2018, the hit musical Hamilton was being performed at the Kennedy Center. (*See* ECF No. 1 ("Compl.").) As the show's run was coming to a close, Burgess, a building manager for the Kennedy Center, asked another employee, Ron Stewart, for the Kennedy Center's poster advertising the show. (Compl. ¶¶ 8–10.) Stewart gave Burgess one. (*Id.* ¶¶ 11, 22.) Burgess then asked Hamilton staff for the cast to autograph the poster, which he alleges is common practice. (*Id.* ¶¶ 13, 15–23.) The next month, however, Stewart told Burgess that the Kennedy Center wanted the poster back, and Burgess returned it. (*Id.* ¶¶ 25–26.)

In September, the Director of Office Safety and Security for the Kennedy Center, Defendant Karles Jackson, emailed various manager-level Kennedy Center employees, informing them that Burgess had "used his official Federal position for personal gain and possible profit," that there were several complaints about him from productions, and that Burgess would no longer be allowed backstage. (*Id.* ¶¶ 29–30; *see also* Ex. 1.) Burgess' supervisor informed him of this restriction. (*Id.* ¶¶ 34–35.) Jackson later sent Burgess and his supervisors an email, with the subject "Security/Criminal Incident," informing Burgess of some procedures for an inquiry into the "reported theft." (*Id.* at Ex. 4.) The email stated that an incident report would be sent to the Kennedy Center's general counsel's office and vice presidents of facilities and operations and could be reported to U.S. Park Police. (*Id.* ¶¶ 42–44.) Over the following months, Jackson allegedly repeated his assertions that Burgess had stolen the poster to other Kennedy Center employees. (*Id.* ¶¶ 45–47.)

Burgess brings six claims against the Kennedy Center and Jackson: defamation per se (Counts 1–4), harassment (Count 5), and negligent infliction of emotional distress (Count 6). He also brings two claims against the Kennedy Center alone for hostile work environment (Count 7) and respondeat superior (Count 8).

## II.  LEGAL STANDARD

Federal courts are of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Limits on subject-matter jurisdiction 'keep the federal courts within the bounds the Constitution and Congress have prescribed,' and those limits 'must be policed by the courts on their own initiative.'" *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The law presumes that "a cause lies outside [the

court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).  Thus, plaintiffs bear the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).

In evaluating a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  But the court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept [plaintiffs'] legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).  A motion to dismiss under 12(b)(1) "is not limited to the allegations of the complaint."  *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  And "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case."  *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing, *inter alia*, *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

### III.     ANALYSIS

### A. Substitution of the United States

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (the "Westfall Act"), federal employees have absolute immunity from common-law tort claims arising from acts they take within the scope of their employment. *See Osborn v. Haley*, 549 U.S. 225, 229 (2007); *Wuterich v. Murtha*, 562 F.3d 375, 377 (D.C. Cir. 2009). When a federal employee is named in a tort suit, the Attorney General can certify under the Westfall Act that the employee was acting within the scope of his employment during the alleged incident. 28 U.S.C. § 2679(d). If such certification is made, the employee can be dismissed from the case and the United States substituted as the sole defendant. *See, e.g.*, *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).

Here, the Attorney General has made the Westfall certification, finding that Jackson's conduct was within the scope of his employment. (ECF No. 7-2.) The certification is not conclusive, however. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). Rather, it is prima facie evidence that Burgess can rebut by "alleg[ing] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment." *Wuterich*, 562 F.3d at 381 (quoting *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) (quotation marks omitted)); *see also Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006). Burgess bears the burden of showing that Jackson was acting outside the scope of his employment. That question is governed by D.C. law, which follows the *Restatement (Second) of Agency* approach. *See Ballenger*, 444 F.3d at 663 (citing *Stokes*, 327 F.3d at 1214). Under this approach, the

> [c]onduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within

4

> the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master, and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

*Id.* The test is an objective one, based on all the facts and circumstances of the case. *Id.* It focuses on the "underlying dispute or controversy, not on the nature of the tort[.]" *Id.* at 664 (quoting *Weinberg v. Johnson*, 518 A.2d 985, 992 (D.C. 1986)).

Burgess fails to meet his burden. To determine whether the alleged conduct is the kind of conduct Jackson was employed to perform, the court must determine "whether the [conduct]—not the allegedly defamatory sentence—was the kind of conduct [the employee] was employed to perform." *Id.* Burgess acknowledges that Jackson's job included reporting and discussing security-related matters with Kennedy Center officials (ECF No. 8 ("Pl. Br.") at 5–6), and concedes that Jackson made the statements "as part of his official duties as an employee" of the Kennedy Center. (Compl. ¶ 2; *see also id.* ¶¶ 6, 29, 52.) But he contends that Jackson exceeded the scope of his employment when he "intentionally and with malice used legal conclusions to make false statements" about Burgess. (Pl. Br. at 5.) Burgess further contends that "[i]t is doubtful that [Jackson's] employer . . . granted him the authority to intentionally make false statements in the reports he files as part of his duties." (*Id.*) But this argument improperly focuses on the "wrongful character of the act"—the falsity of the statements—rather than the "type of act that gave rise to the tort"—reporting security-related matters to other Kennedy officials. *See Beard v. Seals*, 75 F. Supp. 3d 204, 207 (D.D.C. 2014) (quoting *Jacobs v. Vrobel*, 724 F.3d 217, 221–222 (D.C. Cir. 2013)).

Burgess raises no arguments regarding the last three factors, so the court will not address them. (*See generally* Pl. Br.)

Therefore, court finds that Burgess failed to rebut the Government's certification under D.C. law, and that Jackson acted within the scope of his employment. Accordingly, the United

States must be substituted as the sole defendant in this FTCA action.  *See Wuterich*, 562 F.3d at 380 (after a Westfall substitution in a tort case, the suit is governed by the Federal Tort Claims Act).

### B. FTCA

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for tort claims against government employees acting within the scope of their employment.  *See Simpkins*, 108 F.3d at 371.  Burgess acknowledges that the Kennedy Center is a federal agency, and that Jackson is a Kennedy Center employee.  (Compl. ¶ 1.)  Burgess contends, however, that he has brought only common law tort claims under the court's diversity jurisdiction, rather than FTCA claims.  (Pl. Br. at 8.)  But an FTCA action against the United States is the exclusive remedy for tort claims against the Kennedy Center and its employees acting within the scope of their employment.[1]  *See Whittaker v. Court Servs. & Offender Supervision Agency for D.C.*, 401 F. Supp. 3d 170, 178 (D.D.C. 2019) (holding diversity jurisdiction is not a basis for jurisdiction over a federal agency); *see also Polcari v. John F. Kennedy Ctr. for Performing Arts*, 712 F. Supp. 230, 231–32 (D.D.C. 1989) (rejecting plaintiff's invocation of diversity jurisdiction for tort claims against the Kennedy Center).  Thus, the court lacks diversity jurisdiction in this case and an action under FTCA is the only means by which Burgess may bring his tort claims.

---

[1] Burgess purports to bring harassment and hostile work environment claims based on the defamatory statements (Counts 5 & 7).  While these claims use the language of employment discrimination, Burgess contends all of his claims are common law tort claims.  (Pl. Br. at 8.)  Moreover, he did not respond to the United States' argument that all of his claims are libel and slander claims rather than employment discrimination claims.  (*See generally* Pl. Br.; ECF No. 7-1 ("U.S. Br.") at 6.)  The court therefore treats the argument as conceded.  *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).

The FTCA is a limited waiver of the United States' sovereign immunity "rendering the United States amenable to suit for certain, but not all, tort claims." *Rashad v. D.C. Central Detention Facility*, 570 F. Supp. 2d 20, 23 (D.D.C. 2008) (citing *Richards v. United States*, 369 U.S. 1, 6 (1962)). The FTCA excepts tort claims "arising out of . . . libel [or] slander," 28 U.S.C. § 2680(h), from the United States' sovereign immunity waiver. *See Ballenger*, 444 F.3d at 666. Burgess' claims are based on Jackson's allegedly defamatory statements, and therefore arise out of libel or slander. *See Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) ("Claims, no matter how they are described by a plaintiff, based on dissemination of defamatory information . . . are barred by the libel/slander exemption." (citing *Kugel v. United States*, 947 F.2d 1504 (D.C. Cir. 1991))). Therefore, Burgess' claims are barred under the FTCA, and this court lacks subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the court will grant the United States' motion to dismiss. A corresponding Order will be issued separately.

Date: April 27, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge